**Tomas RIOS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–98–0161–CR.**

Court of Appeals of Texas,
Amarillo.

March 18, 1999.

Mike Brown, Lubbock, for appellant.

William C. Sowder, Wade Jackson Lubbock County Dist. Attys., Lubbock, for appellee.

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

JOHNSON, Justice.

From a plea of not guilty, Tomas Rios, Jr., appellant, was convicted of first degree murder after a jury trial. The jury as-

sessed punishment at confinement for 99 years. By two points of error, appellant seeks reversal of the punishment assessed. He asserts that the trial court erred in failing to instruct the jury in the punishment charge concerning mitigation provisions of the Texas Penal Code, and that he was denied effective assistance of counsel. We affirm.

In the early morning of July 14, 1996, appellant bludgeoned Uvaldo Garcia to death with a baseball bat. Garcia was beaten on both sides of his head, stabbed with two kitchen knives and a fork, and had an electrical cord wrapped around his neck. Police were summoned to the victims residence in response to a possible suicidal subject. Upon arrival, police found appellant in an agitated emotional state wielding a rifle and threatening to shoot himself. Appellant admitted to killing the victim, reporting that Garcia attempted to sexually assault appellant.

At trial, police officers who responded to the call testified that appellant was highly emotional when they arrived. Several witnesses related appellants account of what had happened, including his statements that he had been raped or that the victim had attempted to rape him. The jury convicted appellant of murder. At the punishment phase of trial, the trial court did not submit an instruction in accordance with the mitigation provision on sudden passion as provided for by section 19.02(d) of the Texas Penal Code.[1] Appellant did not object to the absence of a mitigation instruction or otherwise request such instruction.

■ By his first point of error, appellant contends that the trial court erred in failing to instruct the jury in the punishment charge as to the mitigation provision of section 19.02(d)[2]. The State responds that the burden of requesting a defensive instruction available under section 19.02 was on appellant, no request was made, and the trial court has no duty to *sua sponte* instruct the jury on a defensive matter.

■ When evidence from any source raises a defensive issue and the defendant properly requests a jury charge on that issue, the trial court must submit the issue to the jury. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex.Cr.App.1993). The evidence which raises the issue may be strong, weak, contradicted, unimpeached, or unbelievable. *Id.* However, there is no duty on a trial court to *sua sponte* instruct a jury on unrequested defensive issues even though the issues are raised by the evidence. *Posey v. State*, 966 S.W.2d 57, 62–3 (Tex.Cr.App.1998).

■ Article 36.14 of the Texas Code of Criminal Procedure mandates that a trial court submit a charge setting forth the law applicable to the case. TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon 1999); *Posey*, 966 S.W.2d at 62. However, a defensive issue is not applicable to the case under article 36.14 unless a defendant timely requests the issue or objects to the omission of the issue from the jury charge. *Posey*, 966 S.W.2d at 62.

Recognizing that the mitigation instruction was not requested, nor was its omission objected to at trial, appellant contends that the omission comprises egregious harm as that standard is set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr. App.1984), and therefore requires reversal even absent an objection or request. However, in *Posey*, the Court of Criminal Appeals specifically addressed the effect of *Almanza* to instances of alleged jury charge errors based on omitted defensive

---

1. At the punishment stage of a trial, the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause. If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree. TEX. PEN.CODE ANN. § 19.02(d) (Vernon 1994).

2. Section references will be to TEX. PEN.CODE ANN. (Vernon 1994) unless otherwise stated.

instructions. In *Posey*, the Court stated that

> ... the plain language of Article 36.14 ... clearly mandates that a defendant must object to claimed errors of commission and omission in the charge before he can complain on appeal. Moreover, when *Almanza* speaks of erroneous omissions of issues in the courts charge, it speaks of omissions of issues upon which a trial court has a duty to instruct without a request from either party or issues that have been timely brought to the trial courts attention.

*Posey*, 966 S.W.2d at 63 (*citing Almanza*, 686 S.W.2d at 172). Neither of the two harm standards in article 36.19 of the Texas Code of Criminal Procedure as construed by *Almanza* applies unless an appellate court first finds error in the jury charge. *Id.* at 60.

In the matter before us, appellant neither requested an instruction on the issue of sudden passion, nor did he object to the absence of such instruction. The trial court has no duty under article 36.14 to *sua sponte* instruct the jury on unrequested defensive issues. *Posey*, 966 S.W.2d at 62.[3] Consequently, there is no error in the charge and the egregious harm standard of *Almanza* does not apply. We overrule appellants first point of error.

■ By his second point, appellant contends that his trial counsels failure to object to the absence of an instruction on the issue of sudden passion or to request a proper mitigation instruction constitutes ineffective assistance of counsel requiring reversal of the punishment phase of the trial. The State asserts that the totality of the record reveals appellant received effective assistance of counsel, and that in any event, appellant has not met his burden of proof to overcome the presumption of effective assistance of counsel.

■ The test for whether a defendant received effective assistance of counsel in the punishment phase of a noncapital offense is whether counsel was reasonably likely to render effective assistance, and whether counsel rendered reasonably effective assistance. *Ex parte Walker*, 794 S.W.2d 36, 37 (Tex.Cr.App.1990) (*citing Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Cr.App.1980)). In reviewing an attorney's assistance, a court must examine the totality of the circumstances to judge both the competency of counsel and the assistance actually rendered. *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex.Cr.App.1991). Allegations of ineffective assistance will be sustained only if firmly founded in the record. *Valdes–Fuerte v. State*, 892 S.W.2d 103, 110 (Tex.App.—San Antonio 1994, no pet.). The burden of proving ineffective counsel falls on appellant. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Cr.App.1985). Such contention must be proved by a preponderance of the evidence. *Id.* Failure to object to the court's jury charge is a default that can amount to ineffective assistance of counsel. *See, e.g.,Vasquez v. State*, 830 S.W.2d 948, 950–51 (Tex.Cr.App. 1992). However, situations might arise where competent counsel would recognize the availability of a particular defense but decide for strategic reasons not to request the defense. *Posey*, 966 S.W.2d at 63. Appellate courts will not speculate as to reasons trial counsel utilize particular courses of action in representing defendants in trial. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Cr.App.1994). An assertion that a particular decision or course of action by trial counsel constitutes ineffective assistance of counsel must be substantiated by proof in the record. *Id.*

Appellant notes that psychiatrist Dr. Preston Shaw, pursuant to a court ordered mental status evaluation, reported a conversation he had with appellant. The record shows that Shaw questioned appellant to see if he understood the

---

**3.** *See, also, Posey v. State*, 966 S.W.2d at 63 (noting that under a similar mitigation provision in Texas Penal Code § 20.04(d), trial court would have no duty to instruct jury absent defendants objection to lack of such mitigation instruction).

term plea bargain. Appellant responded that he would probably turn down any offer, explaining that he might be guilty of manslaughter but not murder. Appellant asserts on appeal that this indicates a developing trial strategy directed at the mitigating principles of section 19.02(d). Appellant further contends that trial counsel pursued the mitigation strategy during the entire trial except for the punishment charge. Thus, appellant argues, in adopting the strategy and then abandoning the issue, trial counsel subjected appellant to a greater range of punishment for the admitted homicide.

The record is silent as to why counsel for appellant did not seek the mitigation instruction in the punishment charge, even though the subject of an alleged sexual assault was included in a justification instruction at the guilt-innocence portion of the trial. Giving credence to appellants argument that the sudden passion defense was contemplated during trial, the punishment for the crime with which appellant was charged was not increased as a result. Appellant was still on trial for the offense for which he had been indicted, with the same range of punishment. The mitigation instruction would merely have given the jury the option of reducing the maximum allowable punishment by finding that defendant acted under an appropriate state of passion. We note, however, that the evidence supporting the issue of sudden passion was internally inconsistent. Witnesses testified that appellant told them he had been sexually assaulted, then changed his story to indicate that the victim had only attempted to assault him. Much physical evidence gathered at the crime scene conflicted with appellants testimony as to how events occurred. Had the instruction been given at punishment, appellant would have had the burden to convince the jury of his defense of sudden passion by a preponderance of the evidence. In light of the absence of proof as to trial counsels reasons for or strategy in not requesting the sudden passion mitigating instruction, we will not speculate on trial counsels strategy, mental processes, or reasons for not requesting the instruction.

Examining the totality of trial counsels representation, we observe that trial counsel obtained several favorable rulings on pretrial matters, made numerous objections throughout the trial, examined State witnesses outside the jurys presence, and conducted thorough cross-examinations of State witnesses. Appellant makes no complaint about the adequacy of trial counsels ability to represent him or counsels actual representation, other than the failure to object to the absence of and failure to request the mitigation instruction.

Appellants assertion of ineffective assistance of counsel is compellingly argued. The record, however, does not present evidence legally sufficient to overcome the presumption of effective assistance of counsel and to meet appellants burden of proof on his ineffective assistance claim. *See Jackson v. State, supra.* Accordingly, the judgment of the trial court is affirmed.