NO. 07-02-0060-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 23, 2002
_____

BECKY LYNN HANEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108th DISTRICT COURT OF POTTER COUNTY;

NO. 44,553-E; HON. ABE LOPEZ, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Appellant Becky Lynn Haney appeals her conviction of possession of a controlled substance, *i.e.*, less than one gram of methamphetamine. In doing so, she argues that (1) the trial court erred in admitting evidence of an extraneous offense without first determining whether a jury could find that she committed the offense, and (2) she received ineffective assistance of counsel because her attorney failed to investigate her competency to stand trial or the viability of the insanity defense. We affirm the judgment of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

**Background**

On March 22, 2001, police officers went to appellant's home to respond to a fight between her two daughters Natasha and Brandy. Appellant's husband Ed left the house through the back door and one of the police officers followed him to see if he had witnessed the fight and, because of previous "knowledge" of Ed, to see whether he was getting a weapon or destroying any kind of evidence in the back yard. In the yard, the officer smelled an unusual odor that, from his experience with methamphetamine laboratories, indicated a laboratory was located on the premises in a storage shed. Written permission to search the premises was then obtained from appellant. In the shed, the officers found equipment that could be used to manufacture illegal drugs. When a female officer later attempted to body search appellant in the bathroom, a little plastic bag fell from a piece of toilet tissue in appellant's hand onto the floor. The substance in the bag was determined to contain methamphetamine.

**Issue One - Admission of Extraneous Offense**

In her first issue, appellant complains that the trial court erred in admitting evidence as to the items found in the shed which in addition to testimony included 22 photographs. This was error, she argues, because the court failed to find beyond a reasonable doubt that she committed the crime of manufacturing methamphetamine. We overrule the point.

Appellant objected at trial to the admission of evidence as to a methamphetamine lab by arguing: "My objection is, she is not charged with manufacturing meth" and "[o]nce the jury hears that, that is going to prejudice them against her, and . . . I think that we can discuss permission to search the house and what they found, without getting into that . . . ."

2

In response, the State contended that the evidence went to knowledge and intent and also asserted that the offense was not extraneous but went to the reason why the officers sought to search appellant. The court overruled the objection without indicating the basis upon which it did so, and, upon appellant's additional objection, overruled appellant's complaint that the prejudicial effect outweighed the probative value. Appellant was given a running objection to the admission of any such evidence. Appellant later objected to the admission of the photographs on the basis they were immaterial and irrelevant. Although that objection was originally sustained, the court subsequently allowed the admission of the photographs.

At trial, appellant did not request the court to determine that appellant had committed the offense beyond a reasonable doubt or object to the court's alleged failure to do so. Appellant also did not object to the State's failure to prove commission of the offense by her. To preserve a complaint for appellate review, appellant must state the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1); *Aguilar v. State,* 26 S.W.3d 901, 905-06 (Tex. Crim. App. 2000). Because the specific ground of complaint asserted here must have been asserted below and it was not, appellant's current complaint is waived. *Penry v. State,* 903 S.W.2d 715, 763 (Tex. Crim. App.), *cert. denied,* 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995).

**Issue Two - Ineffective Assistance of Counsel**

In her second issue, appellant complains that she received ineffective assistance of counsel because her counsel failed to investigate her competency to stand trial or whether an insanity defense was viable.[2] We overrule the point.

The standard of review applicable to claims of ineffective assistance is well established. Therefore, we will not repeat it, but cite the parties to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed.2d 674 (1984) and *Hernandez v. State,* 988 S.W.2d 770 (Tex. Crim. App. 1999) for its explanation.

First, we note that claims of ineffective assistance must be firmly founded in the record before us. *Rios v. State*, 990 S.W.2d 382, 385 (Tex. App.–Amarillo 1999, no pet.). Though appellant contends that her trial attorney failed to investigate the issues of competency to stand trial or insanity at the time of the offense, the record does not support such a conclusion. No motion for new trial was filed. Nor did anyone purport to testify about the extent, if any, of counsel's investigation into his client's competency or sanity. Instead, appellant merely infers that because 1) the trial court did not hold a competency hearing and 2) trial counsel supposedly failed to request the court to have his client undergo mental examination or evaluation, he must not have conducted any investigation. Yet, the latter conclusion does not logically or necessarily follow from the premises offered. Counsel may well have investigated those topics on his own or with professional assistance without having broached them to the court. And, whether or not we think this likely is of little consequence for we must act on the record, not on our speculation, hunch, or surmise. In short, the record before us must be one which illustrates deficient performance and, when

---

[2]As an incidental part of her argument, appellant states that the trial court failed to *sua sponte* raise the issue of her competency. She cites no legal authority to support any contention she may be trying to raise with respect to trial court error, and we will therefore not address the matter. *See Jenkins v. State,* 912 S.W.2d 793, 819 (Tex. Crim. App. 1993).

the deficiency involves the purported failure to investigate, it must show the want of investigation. The record before us, in this direct appeal, does not do that.

Second, the case of *Bouchillon v. Collins,* 907 F.2d 589 (5th Cir. 1990), an opinion upon which appellant relies, is readily distinguishable. There, the appeal was from an order granting a petition for writ of habeas corpus. Thus, trial counsel's knowledge of the defendant's mental state and the actions, if any, undertaken by counsel were developed to an extent greater than that here. There, the reviewing court was not left to guess at the facts or evidence for it had been developed. That is missing here. And, because it is and due to the admonition that disputes like those before us must be resolved on a case-by-case basis, *id.* at 596 n.22, we cannot say that *Bouchillon* dictates that we reverse the judgment for the want of effective trial counsel.

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.