NO. 07-01-0378-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



 JANUARY 7, 2003


______________________________



MANUEL LEON SUAREZ
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 43,284-B; HON. RICHARD DAMBOLD, PRESIDING


_______________________________



Before JOHNSON, CJ., QUINN, J. and BOYD, SJ. (1)

 Via two issues, appellant Manuel Leon Suarez challenges his conviction for the
offense of aggravated robbery by contending 1) the trial court erred in failing to excuse a
prospective juror for cause, and 2) he was denied effective assistance of counsel because
his counsel failed to request an additional peremptory strike when forced to use a
peremptory strike on the juror who should have been dismissed for cause. We affirm the
judgment of the trial court.

 Issue One - Failure to Excuse Juror for Cause (2) 

 In his first issue, appellant complains that juror Timothy Layton should have been 
excused for cause from the jury because Layton was unable to consider probation for any
felony offense. We overrule the issue.

 To preserve error with respect to a trial court's denial of a challenge for cause, it
must be shown on the record that appellant made a clear and specific challenge for cause,
that he used a peremptory challenge on that juror, that all his peremptory challenges were
exhausted, that his request for additional strikes was denied, and that an objectionable
juror sat on the jury. (3) Green v. State, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996), cert.
denied, 520 U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997). In this instance,
appellant neither challenged Layton for cause nor requested an additional strike. Further,
there is no showing that an objectionable juror sat on the jury. Therefore, appellant has
waived any error with respect to this complaint. 

 Issue Two - Ineffective Assistance of Counsel

 In his second issue, appellant claims he was denied effective assistance of counsel
because his counsel failed to request an additional peremptory strike when he was forced
to use one on Layton who should have been excused for cause. We overrule the issue.

 The standards by which we review ineffective assistance of counsel claims are well
established. We will not reiterate them but cite the parties to Strickland v. Washington,
466 U.S. 668, 687-95, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Tong v. State, 25
S.W.3d 707 (Tex. Crim. App. 2000) for explanation of the same. Furthermore, the burden
to prove both elements of the claim lies with the appellant, and the claim must be firmly
founded in the record. Rios v. State, 990 S.W.2d 382, 385 (Tex. App.--Amarillo 1999, no
pet.). 

 There is no showing in the record as to why counsel chose not to request an
additional peremptory strike. Nor did appellant assert or attempt to prove that because
trial counsel used a peremptory strike to remove Layton, another objectionable juror was
seated. Neither did he argue or attempt to prove that the use of a peremptory strike
against Layton without requesting another somehow 1) tainted the jury, 2) affected its
ability to render a verdict based solely on the facts and law, or 3) prejudiced his defense
against the charges. He simply posits that counsel rendered ineffective assistance 
because he did not request an additional peremptory challenge. It may be that trial
counsel found no other venire member objectionable, that the jury he eventually
empaneled was quite acceptable, and that the decision to forego requesting another
peremptory strike was sound trial strategy. Yet, as previously mentioned, the record does
not illustrate counsel's reasons for remaining silent. So too does it fail to illustrate
prejudice. Thus, appellant neither overcame the presumption that the challenged conduct
might be sound trial strategy, see Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994) (requiring that appellant rebut that presumption), nor established prejudice as
required by Strickland and Tong. 

 Accordingly, the judgment of the trial court is affirmed. 

 

 Brian Quinn

Do not publish. Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon 1998). 
2. The background facts of the offense are not relevant to the issues raised by appellant, and we will
therefore not recite them. 
3. In Johnson v. State, 43 S.W.3d 1, 5 n.6 (Tex. Crim. App. 2001), the court clarified that to show
harm in denying a defense challenge for cause, it must be shown that the appellant exercised his peremptory
challenges on the venire member the trial court failed to excuse, exhausted his peremptory challenges, was
denied a request for additional peremptory challenges, and identified an objectionable juror who sat on the
case.