NO. 07-01-0378-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 7, 2003

_____

MANUEL LEON SUAREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 43,284-B; HON. RICHARD DAMBOLD, PRESIDING

_____

Before JOHNSON, CJ., QUINN, J. and BOYD, SJ.[1]

Via two issues, appellant Manuel Leon Suarez challenges his conviction for the offense of aggravated robbery by contending 1) the trial court erred in failing to excuse a prospective juror for cause, and 2) he was denied effective assistance of counsel because his counsel failed to request an additional peremptory strike when forced to use a peremptory strike on the juror who should have been dismissed for cause. We affirm the judgment of the trial court.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 1998).

### *Issue One - Failure to Excuse Juror for Cause* [2]

In his first issue, appellant complains that juror Timothy Layton should have been excused for cause from the jury because Layton was unable to consider probation for any felony offense. We overrule the issue.

To preserve error with respect to a trial court's denial of a challenge for cause, it must be shown on the record that appellant made a clear and specific challenge for cause, that he used a peremptory challenge on that juror, that all his peremptory challenges were exhausted, that his request for additional strikes was denied, and that an objectionable juror sat on the jury.[3] *Green v. State,* 934 S.W.2d 92, 105 (Tex. Crim. App. 1996), *cert. denied,* 520 U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997). In this instance, appellant neither challenged Layton for cause nor requested an additional strike. Further, there is no showing that an objectionable juror sat on the jury. Therefore, appellant has waived any error with respect to this complaint.

### *Issue Two - Ineffective Assistance of Counsel*

In his second issue, appellant claims he was denied effective assistance of counsel because his counsel failed to request an additional peremptory strike when he was forced to use one on Layton who should have been excused for cause. We overrule the issue.

---

[2] The background facts of the offense are not relevant to the issues raised by appellant, and we will therefore not recite them.

[3] In *Johnson v. State,* 43 S.W.3d 1, 5 n.6 (Tex. Crim. App. 2001), the court clarified that to show harm in denying a defense challenge for cause, it must be shown that the appellant exercised his peremptory challenges on the venire member the trial court failed to excuse, exhausted his peremptory challenges, was denied a request for additional peremptory challenges, and identified an objectionable juror who sat on the case.

The standards by which we review ineffective assistance of counsel claims are well established. We will not reiterate them but cite the parties to *Strickland v. Washington,* 466 U.S. 668, 687-95, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Tong v. State*, 25 S.W.3d 707 (Tex. Crim. App. 2000) for explanation of the same. Furthermore, the burden to prove both elements of the claim lies with the appellant, and the claim must be firmly founded in the record. *Rios v. State,* 990 S.W.2d 382, 385 (Tex. App.—Amarillo 1999, no pet.).

There is no showing in the record as to why counsel chose not to request an additional peremptory strike. Nor did appellant assert or attempt to prove that because trial counsel used a peremptory strike to remove Layton, another objectionable juror was seated. Neither did he argue or attempt to prove that the use of a peremptory strike against Layton without requesting another somehow 1) tainted the jury, 2) affected its ability to render a verdict based solely on the facts and law, or 3) prejudiced his defense against the charges. He simply posits that counsel rendered ineffective assistance because he did not request an additional peremptory challenge. It may be that trial counsel found no other venire member objectionable, that the jury he eventually empaneled was quite acceptable, and that the decision to forego requesting another peremptory strike was sound trial strategy. Yet, as previously mentioned, the record does not illustrate counsel's reasons for remaining silent. So too does it fail to illustrate prejudice. Thus, appellant neither overcame the presumption that the challenged conduct might be sound trial strategy, *see Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App.

3

1994) (requiring that appellant rebut that presumption), nor established prejudice as required by *Strickland* and *Tong*.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Do not publish.                                             Justice