NO. 07-01-0414-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 13, 2003

_____

BILLY WILLIAMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 339TH DISTRICT COURT OF HARRIS COUNTY;

NO. 872,483; HON. CAPRICE COSPER, PRESIDING

_____

Before QUINN and REAVIS, J.J. and BOYD, S.J.[1]*

Billy Williams (appellant) appeals his conviction for aggravated sexual assault of a child. Via five issues, he questions the effectiveness of his trial counsel, the purported denial of his rights to due process and confrontation, the definition of reasonable doubt purportedly uttered during voir dire, and the trial court's refusal to grant him a new trial due to a supposed misstatement of the law also made during voir dire. We affirm.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

### *Issues One and Two: Ineffective Assistance of Counsel*

Through his first two issues, appellant contends that his counsel was ineffective in numerous ways. We overrule the issues for the following reasons.[2]

As to the contention that counsel was ineffective because he did not challenge a potential juror for cause, we note that the Court of Criminal Appeals held that such an omission may be based upon sound trial strategy. *Delrio v. State*, 840 S.W.2d 443, 445-46 (Tex. Crim. App. 1992). Absent from the record at bar is evidence of the reasons, if any, for counsel's silence. It may well be that he said nothing because the trial court rehabilitated the venire member, as appellant himself acknowledged later in his appellate brief. Indeed, the record indicates that the court did just that. And, given that counsel need not object simply to object, *White v. State,* 999 S.W.2d 895, 899-90 (Tex. App.–Amarillo 1999, pet. ref'd.), his silence may have legitimate basis. In short, the claim of appellant is not firmly founded in the record; nor does the record rebut the presumption that counsel acted upon sound trial strategy.

Next, appellant alleges that counsel was ineffective for using peremptory strikes, instead of challenges for cause, to remove potential jurors from the venire. Yet, the record before us indicates that the venire members in question, *i.e.* numbers 1, 16, 17, and 20, were removed *for cause* by agreement with the State, not through the use of peremptory challenges. Thus, this particular allegation of misconduct is not firmly founded on the record.

---

[2]The standard of review applicable to claims of ineffective assistance is reiterated in *Bone v. State*, 77 S.W.3d 828 (Tex. Crim. App. 2002). We refer the litigants to it for an explanation of same. Furthermore, not only must the claim be firmly founded in the record, *Thompson v. State*, 9 S.W.2d 808, 813-14 (Tex. Crim. App. 1999), *Rios v. State*, 990 S.W.2d 382, 385 (Tex. App.--Amarillo 1999, no pet.), but counsel also is entitled to a presumption that his actions were both reasonable and professional until the appellant establishes otherwise. *Bone v. State*, 77 S.W.3d at 833.

As to the allegation that counsel was ineffective because he appeared disoriented at times, no explanation or analysis accompanies the issue. *See* TEX. R. APP. P. 38.1(h) (requiring the appellant to present clear and concise argument). Nor does appellant cite any authority to support his apparent conclusion that occasional instances of confusion experienced by one's attorney evinces ineffectiveness.[3] *Id.* (requiring appellant to cite relevant authority supporting his contentions). Having failed to provide us with analysis and citation to legal authority, appellant waived his complaint. *Beal v. State*, 35 S.W.3d 677, 682 (Tex. App.–Houston [1st Dist.] 2000, no pet.) (holding that the appellant waived his claim of ineffective assistance by failing to accompany the allegations with citation to legal authority and explanation of his point); *see Rocha v. State,* 16 S.W.3d 1, 20 (Tex. Crim. App. 2000) (holding that the issue was waived because appellant failed to cite relevant authority or explain his contentions).

As to the allegation that counsel "failed to object to the trial court's comments on the weight of the evidence," we again find no citation to any authority suggesting that the statements were comments on the weight of the evidence. Nor did appellant explain why he believed them to be so or how they prejudiced him. So, this contention was also waived.

The same is true of the allegations that counsel insufficiently prepared for trial, introduced evidence of extraneous offenses, and failed to pursue an affirmative defense.[4] In each instance, appellant simply concluded that error occurred without explaining why

---

[3]If occasional instances of confusion *ipso facto* establish incompetence, then God save us all.

[4]With regard to the matter of the affirmative defense, we are at a loss to understand how the act of the 12 year old complainant in placing his mouth on the appellant's penis constituted an affirmative defense to the charge that appellant committed aggravated assault by placing his penis in the boy's mouth. That is what appellant contends and that surely needed explanation and analysis.

it constituted error or citing authority for the proposition. Consequently, these complaints also fail to present anything for review.

As to the allegation that counsel was ineffective because he uttered no objection "to misstated law on jury unanimity," appellant failed to explain, much less establish by a preponderance of the evidence, how this prejudiced him. The purported error consisted of the trial court telling the jury (during voir dire) that it need not be unanimous in deciding how appellant committed the assault upon the young boy given that the State alleged two ways in which it could have been committed. Then, it informed the jurors that they need only be unanimous in deciding that the assault occurred. Yet, while undergoing examination on the witness stand in open court and before the jury, appellant readily confessed to acts which constituted one way in which the State alleged he assaulted the young boy. Appellant having openly confessed to committing the assault for all practical purposes, we cannot see how "'but for his counsel's [supposed] unprofessional error[], the result of the proceeding would have been different.'" *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Nor does appellant deign to explain otherwise.

As to the allegation that counsel failed to proffer a valid reason for the line of questioning he pursued, we note that the evidence he apparently sought to develop consisted of hearsay uttered by the victim. This hearsay consisted of the young boy having previously engaged in sexual activity with others in exchange for compensation. How admission of this evidence would have benefitted appellant goes unexplained, save for the statement that it would have provided the jurors with "a complete picture of what occurred." How it was relevant to any material fact in issue is equally unexplained, save for the mere conclusion that the evidence "had a tendency to make the existence of facts consequential

4

to a determination of the action more probable than it would have been without the evidence." Simply put, that the 12 year old boy may have previously engaged in sexual activity for pay with others does not somehow give appellant (an adult male) license to do it without risk of prosecution. At the very least, appellant has cited to no authority illustrating otherwise. Thus, he again failed to establish, by a preponderance of the evidence, both unprofessional conduct and harm.

As to the allegation that counsel was ineffective because he failed to object to the testimony of Donna Lacy, we note that the record does not contain evidence illustrating why counsel omitted to do so. Because his silence could have been part of a legitimate trial tactic, the contention that counsel was less than reasonable or professional is not firmly founded in the record. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (holding that because the record failed to illustrate why counsel did not object to the allegedly inadmissible testimony, appellant failed to rebut the presumption that counsel was effective). We also note the absence of any allegation that the exclusion of this witness's testimony would have probably resulted in a different outcome. Again, appellant had the burden to illustrate that. Having failed in that regard, he did not carry his burden.[5]

As to the allegation that counsel was ineffective because he did not object to the State's non-compliance with article 38.072 of the Texas Code of Criminal Procedure, we note the absence of evidence explaining the motives, if any, for counsel's omission. Again,

---

[5]Indeed, this omission is present with respect to most every allegation of defective conduct mentioned by appellant. And, rather than address that element of *Bone* in relation to each purported instance of unprofessionalism, appellant simply concludes that he suffered "extreme prejudice to [his] defense" when the errors are viewed in their totality. Yet, merely alleging that one suffered "extreme prejudice" is not a substitute for establishing, through argument, explanation, analysis, and authority that the result would probably have been different but for counsel's actions. This seems especially appropo when appellant himself confessed, in open court, to committing the crime for which he was convicted.

5

he may well have had a legitimate trial strategy for doing so. Thus, we cannot say that the allegation of unprofessionalism is firmly founded in the record. *Thompson v. State, supra*. Moreover, the evidence at issue was also admitted through the testimony of the complaining witness, and appellant does not suggest that his attorney acted deficiently when that occurred. Thus, we hesitate to find counsel's performance unreasonable for omitting to object to evidence which was admitted elsewhere through means about which appellant does not complain.

As to the allegation that counsel was ineffective because the trial court said (during voir dire) one may choose not to testify because he is guilty, appellant suggests that the utterance was tantamount to a comment upon an accused's failure to testify. Yet, here, appellant actually testified. Appellant having testified, the jury could hardly have been swayed by the court's comment and inferred that he was guilty because he did not testify. Nor can one reasonably say, under those circumstances, that the utterance evinced an improper comment upon his right to remain silent; he did not remain silent. Finally, when viewed in its entire context, the utterance at issue was simply one of several examples used by the trial court to dissuade the venire members from considering, in any way, an accused's invocation of his right to remain silent. Given this context, defense counsel may have had justifiable reason to remain silent when the utterance was made. In short, appellant has again failed to rebut the presumption that his attorney was effective. *Thompson v. State, supra*.

### Issue Three - Deprivation of Right to Due Process and of Confrontation

In his third issue, appellant contends that he was denied due process and his right to confrontation when the State attempted to admit hearsay without complying with the

outcry statute, *i.e.* Texas Code of Criminal Procedure art. 38.072, §2(b). We overrule the issue.

Appellant did not object to the evidence when it was offered or admitted. Thus, he waived his complaint. *Cates v. State*, 72 S.W.3d 681, 699 (Tex. App.–Tyler 2001, pet. ref'd.) (holding that the appellant waived his allegation regarding compliance with art. 38.072, §2(b) by failing to object). Indeed, the Court of Criminal Appeals implicitly found, in *Lankston v. State*, 827 S.W.2d 907 (Tex. Crim. App. 1992) (regarding the failure to comply with the hearing requirement expressed in art. 38.072, §2(b)), that a contemporaneous objection was necessary to preserve the issue. Had a contemporaneous objection been unnecessary, then the court would not have needed to discuss, at length, whether the objection uttered was sufficient to preserve the issue for review. *Id.* at 909-10. Because it went through the exercise, however, one can reasonably deduce from the opinion that an objection was needed.

### Issue Four - Definition of Reasonable Doubt

In his fourth issue, appellant contends that the trial court erred by overruling counsel's objection to the State's definition of reasonable doubt. We overrule the issue.

The purported reference occurred during voir dire and consists of the following exchange:

> [Prosecutor]: All right. The Judge also mentioned to you that I have to prove these things beyond a reasonable doubt. Unfortunately, you're not given a definition of reasonable doubt. But I'll suggest to you it's basically your common sense, what you believe - -
>
> [Defense Counsel]: Your Honor, I'm going to object to the State defining reasonable doubt.

7

Court: Overruled. She gave her opinion. You'll be allowed to give your opinion, Mr. Smith. Ultimately, it's left up to the individual. It's not proof beyond all doubt, but it is proof beyond a reasonable doubt.

[Prosecutor]: And I would suggest that you rely on your common sense to define for yourself what beyond a reasonable doubt is. . . .

As can be seen, the prosecutor did not purport to define reasonable doubt. She merely suggested that the jurors use "common sense" in doing so themselves. Moreover, appellant does not complain of the trial court's statement that reasonable doubt does not require "proof beyond all doubt." Given these circumstances, the trial court's statement that the comment was simply the prosecutor's opinion, the trial court's decision to grant appellant opportunity to voice his own opinion, the failure of appellant to cite any authority supporting the proposition that the jurors cannot use "common sense" when considering the evidence, and our refusal to preclude the jurors from exercising "common sense," we find no error.

### Issue Five - Denial of Motion for New Trial

In his final issue, appellant contends that the trial court erred by failing to grant him a new trial. This is allegedly so because the trial court and the State misled the jury when stating that it could find appellant guilty even if the individual jurors did not unanimously agree as to how he committed the crime. We overrule the issue.

The comments referred to occurred during voir dire. However, appellant did not object to them when made. Instead, he waited until after trial was completed and judgment was entered. At that time he moved for a new trial, contending, among other things, that the "court . . . misdirected the jury as to the law." At what point in the proceeding the trial court allegedly "misdirected the jury as to the law" went unmentioned. Furthermore, a hearing was not held on the motion. Given the absence of a contemporaneous objection,

8

as contemplated by Texas Rule of Appellate Procedure 33.1(a), the complaint was waived. *Penry v. State*, 903 S.W.2d 715, 741 (Tex. Crim. App.) *cert. denied* 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408, (1995) (holding that the appellant's complaint about the prosecution's statements during voir dire were waived because the appellant did not object to them at the time). Furthermore, his attempt to cure the default via a motion for new trial did not do so. *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (involving the presentation of evidence at the punishment phase of the trial and holding that if opportunity to object was afforded the appellant and he failed to do so, he cannot use a later motion for new trial to preserve the error). This seems especially so when the utterance contained in the motion was conclusory, non-specific, and *sans* any reference to the prosecutor's statement.

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.

9