NO. 07-02-0304-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 25, 2003

_____

JOE A. NARVAIS, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438,391; HON. JOHN T. FORBIS, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Joe A. Narvais, Jr., attacks his conviction for the offense of aggravated assault with a deadly weapon by contending he received ineffective assistance of counsel. Counsel was allegedly ineffective because he 1) failed to have the trial court determine whether appellant's statement (or admission to using a handgun during the assault) made to an employee of the Texas Child Protective Services (CPS) was voluntary, 2) failed to object to the testimony of an investigating police officer as hearsay, 3) failed to object to

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002 (a)(1) (Vernon Supp. 2003).

the State calling the complainant as a hostile witness allegedly for the purpose of impeaching her, and 4) was ineffective in light of the cumulative effect of the foregoing errors. We overrule each issue and affirm the judgment.

## *Background*

The victim of the aggravated assault was Susanna Narvais (Susanna), appellant's wife. The two were separated at the time of the assault. Furthermore, on September 12, 2001, Susanna (while holding her child) sat in the back seat of a vehicle talking to a girl friend. Appellant approached the vehicle, opened the back door, entered it, and asked, "[w]hat's up now, bitch?" Susanna replied by asking that he not shoot her. Appellant then exited the vehicle from one side while Susanna and the child exited from the other. At that point, appellant circled the car, grabbed his wife by the throat, held a handgun to her head, struck her in the face with the weapon, and fled.[2] Though Susanna told the police that her husband held a gun to her head when they came to investigate the assault, she recanted that portion of her statement at trial.

## *Standard of Review*

The standard by which we review claims of ineffective assistance is well established. We will not repeat it, but rather cite the parties to *Strickland v. Washington,* 466 U.S. 668, 687-95, 104 S.Ct. 2052, 80 L. Ed.2d 674 (1984), *Bone v. State*, 77 S.W.3d 828 (Tex. Crim. App. 2002), *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999), and *Rios v. State,* 990 S.W.2d 382 (Tex. App.—Amarillo 1999, no pet.) for its explanation.

---

[2]At trial, Susanna denied that appellant had a gun, threatened her with one, or struck her with one.

2

***Issue One – Failure to Determine Voluntariness of Admission***

In his first issue, appellant asks us to determine "whether trial counsel . . . was ineffective by failing to object to or ask for a *Jackson v.* Denno [sic] hearing when a child protective services employee testified to incriminating facts obtained in violation of the 5th and 6th Amendments of the United States [sic] and Tex.C.Crim.Proc. Sec. 38.22 [sic]." The "incriminating facts" alluded to consisted of appellant admitting that he held a gun to Susanna's head. Furthermore, this admission occurred during an interview between appellant and the CPS employee while the latter was conducting an investigation into the welfare of appellant's children. We overrule the issue for two reasons.

First, the reasons or motives underlying counsel's action appears nowhere in the record. Consequently, appellant failed to rebut the presumption that those actions were reasonable. *Thompson v. State*, 9 S.W.3d at 814 (holding that the appellant failed to rebut the presumption that counsel's decision was reasonable because the record was silent as to why counsel failed to object to the State's attempt to elicit hearsay).

Second, hearings conducted pursuant to article 38.22 of the Texas Code of Criminal Procedure and *Jackson v. Denno*[3] are utilized to determine the voluntariness of an accused's admissions or confessions. Yet, before we can say that counsel was deficient for failing to pursue a particular course of conduct, there must be evidence of record indicating that there existed matters beneficial to appellant that was susceptible to discovery through the pursuit. *See Melancon v. State,* 66 S.W.3d 375, 380 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Indeed, it is clear that counsel need not

---

[3]378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

undertake meaningless acts simply to be effective. *See White v. State*, 999 S.W.2d 895, 899-900 (Tex. App.–Amarillo 1999, pet. ref'd) (holding that counsel need not object just to object). Moreover, appellant neither contends that his admission to the CPS employee was involuntary nor cites us to evidence suggesting that it was. Without either that contention or evidence, we cannot hold his attorney deficient for omitting to instigate a proceeding that may well have uncovered nothing objectionable.

### *Issue Two – Failure to Object to Hearsay*

In his second issue, appellant asks that we determine whether his trial attorney was ineffective "by failing to object to testimony of an investigating officer as hearsay when he discussed an out of court statement made by the victim and two other witnesses." We overrule the issue for the following reason.

The reasons or motives underlying counsel's inaction appear nowhere in the record. Consequently, appellant failed to rebut the presumption that those actions were reasonable. *Thompson v. State*, 9 S.W.3d at 814 (holding that the appellant failed to rebut the presumption that counsel's decision was reasonable because the record was silent as to why counsel failed to object to the State's attempt to elicit hearsay).

Next, that the failure to object may be founded upon sound trial strategy was exemplified in *Ortiz v. State*, No. 73-692, 2002 LEXIS 185 (Tex. Crim. App. September 25, 2002). There, counsel omitted objection to hearsay uttered by Special Agent Lott. The hearsay involved statements uttered to the agent by two other individuals. Furthermore, the record there, like here, failed to disclose counsel's reasons for remaining silent. In overruling the claim of ineffectiveness, the Court of Criminal Appeals noted that an objection may have compelled the State to introduce the evidence directly through the

4

actual live testimony of the two declarants and, more importantly, counsel may "have believed that such direct evidence would have a more powerful and adverse effect on the jury than the evidence the State was content to offer." *Id.* at 39. Thus, contrary to appellant's supposition, silence on the part of counsel under circumstances akin to those before us may be founded upon sound trial strategy.

### Issue Three - Failure to Object to Impeachment Evidence

In his third issue, appellant asks that we determine whether his trial counsel was ineffective by "failing to object to the prosecution calling a hostile witness [*i.e.* the victim] . . . to impeach her with otherwise inadmissible hearsay or to object to impeachment material as hearsay and ask for a limiting instruction." We overrule the issue for the following reasons.

First, the reasons or motives underlying counsel's action appear nowhere in the record. Consequently, appellant failed to rebut the presumption that those actions were reasonable. *Thompson v. State*, 9 S.W.3d at 814 (holding that the appellant failed to rebut the presumption that counsel's decision was reasonable because the record was silent as to why counsel failed to object to the State's attempt to elicit hearsay).

Second, assuming *arguendo* that the omission exemplified unreasonable conduct, we cannot say that but for it there exists a reasonable probability that the result of the proceeding would have differed. This is so because this evidence was cumulative of other evidence illustrating that appellant utilized a deadly weapon, *i.e.* the handgun, while assaulting his wife. Again, appellant himself admitted to striking his wife with a handgun. Additionally, that appellant so struck his wife was confirmed by another witness at trial who

5

personally saw the event, and no one questions the admissibility of that witness's testimony. So, given the latter testimony and appellant's own admission which, according to appellant, "solidified the State's case as only a confession can," we cannot say that there exists a reasonable probability that the outcome would have differed had counsel done what appellant says he should have done.

### *Issue Four – Cumulative Effect of Errors*

In his last issue, appellant contends that there is a reasonable probability that the outcome of the trial would have differed without the cumulative effect of the errors addressed in the first three issues. We overrule the issue.

Simply put, appellant did not prove, by a preponderance of the evidence, that his counsel was deficient in any particular respect. Nor did he prove, by the same standard of evidence, that any act or omission about which he complains, individually or cumulatively, affected the outcome of the trial.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice

Do not publish.

6