NO. 07-03-0022-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 10, 2003



______________________________




ROBERT SHARP, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 02-02-5252; HONORABLE ANDY KUPPER, JUDGE



_______________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


MEMORANDUM OPINION



 Following his plea of not guilty, appellant Robert Sharp was convicted by a jury of
involuntary manslaughter and punishment was assessed at ten years imprisonment and a
$5,000 fine. Presenting one issue, appellant contends the trial court erred in allowing the
prosecution to bolster one of its expert witnesses during the State's opening statement
using a third party's repeated statements during voir dire about the credibility of the expert
witness. Based upon the rationale expressed herein, we affirm.

 In response to a question by the prosecutor during voir dire, a potential juror
answered that because she was a registered nurse, she knew a medical doctor who would
be called as an expert for the State. She also stated her children played basketball with the
expert's children. However, in response to the trial court's question, she stated her
acquaintance with the expert would not affect her decision. Also, the prosecutor continued
to inquire about her prior jury experience and her knowledge of the State's medical expert. 
She reaffirmed the fact that she knew the expert would not affect her decision. In addition,
during his opening statement, the prosecutor made a reference to the expert by suggesting,
"I think that you heard some people recognize his name . . . ." 

 Appellant's sole contention is error by the trial court in allowing the prosecution to
bolster one of its expert witnesses during the State's opening statement using a third party's
repeated statements during voir dire about the credibility of the expert witness. In response,
the State contends the alleged error was not preserved for appellate review. We agree with
the State. 

 In order to preserve a complaint for review on appeal, the action or omission alleged
as error by the trial court must have been the basis of a timely request, objection, or motion
specifying the action the trial court was requested to take, or to forebear from taking, and
an adverse ruling must have been obtained. See Tex. R. App. P. 33.1(a). This rule
ensures that trial courts are provided an opportunity to correct their own mistakes at the
most convenient and appropriate time. See Hull v. State, 67 S.W.3d 215, 217 (Tex.Cr.App.
2002). Here, appellant did not make an objection nor move for mistrial in the trial court. 
Accordingly, the alleged error was not preserved for our review.

 Moreover, "bolstering" is the introduction of evidence for the purpose of adding
credence or weight to earlier unimpeached evidence offered by that same party. See
Rousseau v. State, 855 S.W.2d 666, 681 (Tex.Cr.App. 1993), cert. denied, 510 U.S. 919,
114 S.Ct. 313, 126 L.Ed.2d 260 (1993). Even if the prosecutor's remarks were improper,
a question we do not decide, appellant's contention that the opening remarks constituted
"bolstering" is inappropriate. Finally, the conduct of the voir dire phase, including the
opening remarks of counsel, rests largely within the sound discretion of the trial court. See 
Mendoza v. State, 552 S.W.2d 444, 447(Tex.Cr.App. 1977). Appellant does not allege the
trial court abused its discretion. Appellant's issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish. 

 



rial, appellant did not request the court to determine that appellant had
committed the offense beyond a reasonable doubt or object to the court's alleged failure
to do so. Appellant also did not object to the State's failure to prove commission of the
offense by her. To preserve a complaint for appellate review, appellant must state the
grounds for the ruling sought with sufficient specificity to make the trial court aware of the
complaint unless the specific grounds were apparent from the context. Tex. R. App. P.
33.1(a)(1); Aguilar v. State, 26 S.W.3d 901, 905-06 (Tex. Crim. App. 2000). Because the
specific ground of complaint asserted here must have been asserted below and it was not,
appellant's current complaint is waived. Penry v. State, 903 S.W.2d 715, 763 (Tex. Crim.
App.), cert. denied, 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). 

 Issue Two - Ineffective Assistance of Counsel

 In her second issue, appellant complains that she received ineffective assistance 
of counsel because her counsel failed to investigate her competency to stand trial or
whether an insanity defense was viable. (2) We overrule the point.

 The standard of review applicable to claims of ineffective assistance is well
established. Therefore, we will not repeat it, but cite the parties to Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed.2d 674 (1984) and Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999) for its explanation. 

 First, we note that claims of ineffective assistance must be firmly founded in the
record before us. Rios v. State, 990 S.W.2d 382, 385 (Tex. App.-Amarillo 1999, no pet.). 
Though appellant contends that her trial attorney failed to investigate the issues of
competency to stand trial or insanity at the time of the offense, the record does not support
such a conclusion. No motion for new trial was filed. Nor did anyone purport to testify
about the extent, if any, of counsel's investigation into his client's competency or sanity.
Instead, appellant merely infers that because 1) the trial court did not hold a competency
hearing and 2) trial counsel supposedly failed to request the court to have his client undergo
mental examination or evaluation, he must not have conducted any investigation. Yet, the
latter conclusion does not logically or necessarily follow from the premises offered. Counsel
may well have investigated those topics on his own or with professional assistance without
having broached them to the court. And, whether or not we think this likely is of little
consequence for we must act on the record, not on our speculation, hunch, or surmise. In
short, the record before us must be one which illustrates deficient performance and, when
the deficiency involves the purported failure to investigate, it must show the want of
investigation. The record before us, in this direct appeal, does not do that. 

 Second, the case of Bouchillon v. Collins, 907 F.2d 589 (5th Cir. 1990), an opinion
upon which appellant relies, is readily distinguishable. There, the appeal was from an order
granting a petition for writ of habeas corpus. Thus, trial counsel's knowledge of the
defendant's mental state and the actions, if any, undertaken by counsel were developed to
an extent greater than that here. There, the reviewing court was not left to guess at the
facts or evidence for it had been developed. That is missing here. And, because it is and
due to the admonition that disputes like those before us must be resolved on a case-by-
case basis, id. at 596 n.22, we cannot say that Bouchillon dictates that we reverse the
judgment for the want of effective trial counsel.

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Justice 

 

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. As an incidental part of her argument, appellant states that the trial court failed to sua sponte raise
the issue of her competency. She cites no legal authority to support any contention she may be trying to raise
with respect to trial court error, and we will therefore not address the matter. See Jenkins v. State, 912
S.W.2d 793, 819 (Tex. Crim. App. 1993).