Affirmed in Part, Reversed and Remanded in Part, Judgment Reformed, and
Majority and Dissenting Opinions filed January 22, 200

















Affirmed in
Part, Reversed and Remanded in Part, Judgment Reformed, and Majority and
Dissenting Opinions filed January 22, 2004.

 

 

In The

 

Fourteenth Court
of Appeals

____________

 

NO. 14-02-01018-CR

____________

 

ELLSWORTH SWAINDELL STORR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

____________________________________________________

 

On Appeal from the 9th District Court

Waller County, Texas

Trial Court
Cause No. 98-02-9312

 

____________________________________________________

 

D I S S E N T I N G   O P I
N I O N

            The
majority correctly notes that, in some instances, trial counsel’s error may be
so egregious that the appellant need not produce evidence regarding trial
strategy because no strategic motivation could be imagined.  Trial counsel’s actions in this case — the
failure to request or object to the absence of a special issue on voluntary
release in a safe place — raises serious questions, and the majority’s analysis
concluding there could be no strategic motivation for this failure is
compelling.  However, this court should
affirm based on the direction given by the Court of Criminal Appeals for
deciding direct appeals of ineffectiveness claims in the face of a silent
record, most recently set forth in Freeman
v. State.  See — S.W.3d —, 2003 WL 22510582, No. 2156-01 (Tex. Crim. App. Nov. 5,
 2003).  Because the court
fails to do so, I respectfully dissent.

            As the majority and appellant
acknowledge, the record in this case contains no evidence of trial counsel’s
strategy.  Nonetheless, appellant urges
that trial counsel’s failure to obtain a jury instruction on mitigation of
punishment based on voluntary release in a safe place could not conceivably
have been an exercise of reasonable trial strategy.  See Tex. Pen. Code § 20.04(d) (Vernon Supp.
2002).  Therefore, appellant argues, and
the majority agrees, the first prong of the Strickland
test[1] is
satisfied without any evidence of trial strategy in the record.  

            Though the majority explains its
rationale for finding trial counsel’s actions in this case to be one of the
rare instances in which no possible strategic motivation can be imagined, it
fails to address Freeman.[2]  See
— S.W.3d —, 2003 WL 22510582, No. 2156-01 (Tex. Crim. App. Nov. 5,
 2003).  In this recently
issued case, the trial judge, who was a possible witness to the charged
offense, made statements during pretrial hearings indicating he thought the
appellant was guilty and was a bad actor. 
See Freeman, — S.W.3d at —, 2003 WL 22510582, at *2–*5 (Price, J.,
dissenting).  The appellate record in Freeman reflected the presence of
Freeman’s trial counsel at hearings that provided compelling reasons why the
trial judge’s impartiality might reasonably be questioned.  See id.  The record also reflected that Freeman’s
trial counsel did not move to recuse the trial
judge.  See Tex. R. Civ. P. 18b (2). 
The court of appeals held that, although there was no evidence in the
record regarding trial strategy, none was needed because, under the unusual
circumstances of that case, there was no objectively reasonable trial strategy
for trial counsel’s failure to file a motion to recuse.  See
Freeman, — S.W.3d at —, 2003 WL
22510582, at *5.  The State did not
contest that Freeman had satisfied the second prong of Strickland.  See Strickland v. Washington, 466 U.S. 668,
691–92, 104 S. Ct. 2052, 2066–67, 80 L. Ed. 2d 674
(1984); Freeman, — S.W.3d at —, 2003
WL 22510582, at *5.  Further, in its
briefing in the Court of Criminal Appeals, the State asserted several potential
trial strategies that it claimed might have motivated Freeman’s trial counsel not
to move to recuse the trial judge.  See
Freeman, — S.W.3d at —, 2003 WL
22510582, at *2 (Meyers, J., dissenting) & at *12 (Price, J.,
dissenting).  Nonetheless, the Court of
Criminal Appeals did not address whether there was a conceivable trial strategy
for counsel’s failure to seek recusal; rather, our
high court summarily reversed the court of appeals, holding that trial
counsel’s alleged ineffectiveness was not so apparent from the record as to
allow a finding of ineffectiveness without evidence regarding counsel’s trial
strategy.  See Freeman, — S.W.3d at
—, 2003 WL 22510582, at *1.  

            By its very recent opinion in Freeman, the Court of Criminal Appeals
has forcefully reiterated that only in extremely rare cases will the record
support ineffective assistance of counsel on direct appeal without evidence of
trial strategy.  In Freeman, our high court also indicated that the dictum from Massaro cited by
the majority does not change the ineffective-assistance analysis.  See id.
(discussing effect of dictum in Massaro v. United
States, — U.S. —, —, 123 S. Ct. 1690,
1696, 155 L. Ed. 2d 714 (2003)).  Though
the facts of the instant case are not the same as those in Freeman, the alleged ineffectiveness of counsel in this case is no
more apparent from the record than was the alleged ineffectiveness in Freeman. 
This court could speculate as to the strategy, if any, of trial counsel
in not seeking a safe-release instruction. 
For example, the court could surmise that this action was based on a
trial strategy of not wanting to jeopardize the defense’s credibility by
arguably contradicting the guilt-innocence argument, which indicated appellant
was not involved in the kidnapping. 
However, based on recent precedent, especially Freeman, this court should allow appellant to develop his
ineffectiveness argument and adduce evidence of counsel’s trial strategy, or
lack thereof, by means of an application for writ of habeas corpus.  See Ex parte Varelas, 45 S.W.3d 627,
632 (Tex. Crim. App. 2001) (granting habeas relief
and holding counsel ineffective for failing to object to omissions in the jury
charge or request an instruction, although court previously had rejected this
claim based on a silent record on direct appeal).  This is the procedural course we have been
instructed to follow.  See id. 

            The court’s disposition of this case
is contrary to the Rios opinion and
to unpublished cases from other courts of appeals.  See
Rios v. State, 990 S.W.2d 382,
386 (Tex. App.—Amarillo 1999, no pet.) (holding counsel’s failure to seek
mitigation instruction on sudden passion did not constitute ineffective
assistance of counsel when record was silent as to counsel’s strategy); Hernandez v. State, No. 05-02-00238-CR,
2003 WL 21212814, at *1 (Tex. App.—Dallas May 27, 2003, no pet.) (not
designated for publication) (same); Davis
v. State, No. 01-01-00990-CR, 2002 WL 1822159, at *3–*4 (Tex. App.—Houston [1st
Dist.] Aug. 8, 2002, pet. ref’d) (not designated for publication) (finding no
ineffectiveness of counsel based on silent record where appellant asserted
counsel did nothing to obtain a lower sentence for appellant, who received a
50-year sentence for aggravated kidnapping, in case in which counsel did not
seek or object to the absence of a special issue under section 20.04(d) of the
Texas Penal Code); Nail v. State, No.
01-98-00509-CR, 1999 WL 1063434, at *2 (Tex. App.—Houston [1st Dist.] Nov. 24, 1999, pet. ref’d) (not designated for publication) (finding trial
counsel was not ineffective for not requesting a special issue under section
20.04(d) of the Texas Penal Code because record was silent as to trial
counsel’s strategy).  

            The majority cites to Ex parte Ballard,
a case in which the Court of Criminal Appeals granted habeas relief based on
trial counsel’s ineffective assistance in failing to argue the defendant had
voluntarily released the complainant in a safe place.  The majority’s reference to Ballard, however, does not support
today’s holding in this direct appeal.  See Ex parte
Ballard, No. 74823, 2003 WL 22508414, at *1 (Tex. Crim. App. Nov. 5,
 2003) (not designated for publication).  The Court of Criminal Appeals has stated that
an application for a writ of habeas corpus is the more appropriate vehicle to
raise claims of ineffective assistance of counsel; ordinarily, these claims
should not be resolved on a direct appeal in which the record is silent as to
trial strategy because trial counsel should be given an opportunity to explain
their actions before being denounced as ineffective.  See Rylander v. State, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); see
also Ex parte Varelas,
45 S.W.3d at 632 (granting habeas relief, although court had previously
rejected ineffective-assistance claim on direct appeal based on silent
record).  If this court declined to
address appellant’s ineffective-assistance claim on direct appeal based on the
lack of evidence of trial strategy, appellant could seek and might very well
obtain habeas relief based on this claim. 
The availability of the habeas corpus procedure, which would give trial
counsel an opportunity to explain his actions and any trial strategy, weighs
against, not in favor of, an ineffective-assistance determination on direct
appeal based on a record that is silent regarding trial strategy.

            The majority also cites Vasquez v. State.  Not only was Vasquez decided before the landmark case of Jackson v. State, but the facts of Vasquez differ in notable ways from the facts in this case.  See
Jackson v. State, 877 S.W.2d 768 (Tex. Crim. App. 1994); Vasquez
v. State, 830 S.W.2d 948, 949–51 (Tex. Crim. App.
1992).  In Vasquez, appellant testified, admitted the elements of the charged
offense, and asserted only one defensive theory — necessity.  See
Vasquez, 830 S.W.2d at 949–51. 
Vasquez’s assertion of a single defensive theory in the guilt-innocence
phase, if successful, would have resulted in a verdict of not guilty.  See id.  In this case, appellant did not testify and
did not admit that he committed the offense; rather, appellant’s trial counsel
indicated appellant was not involved in the kidnapping and attacked the
reliability of the complainant’s identification of appellant as one of the
kidnappers.  Furthermore, the alleged
ineffectiveness in this case was counsel’s failure to seek a special issue on a
punishment-phase mitigation question that would limit punishment rather than
result in a not-guilty verdict.  The
differences between Vasquez and this
case are not insignificant.  See Vasquez, 830 S.W.2d at 949–51; Young v. State, 991 S.W.2d 835, 839
(Tex. Crim. App. 1999) (distinguishing Vasquez as involving a defendant who
admitted he committed the offense and as involving failure to request an
instruction regarding defendant’s only available defense).  In light of these differences, this court
should be guided by Freeman rather
than by Vasquez.  Compare
Freeman v. State, — S.W.3d at —, 2003
WL 22510582, at *1 with Vasquez, 830 S.W.2d at 949–51.

            Based on the most recent guidance
provided by the Court of Criminal Appeals in Freeman, this court should not determine appellant’s ineffective
assistance of counsel claim on direct appeal. 
The court should affirm the trial court’s judgment as reformed.[3]

                                                                        /s/        Kem Thompson Frost

                                                                                    Justice

 

Judgment
rendered and Majority and Dissenting Opinions filed January 22, 2004.

Panel
consists of Justices Yates, Hudson, and Frost (Yates, J., majority).

Publish — Tex. R. App. P. 47.2(b).











            [1]  See
Strickland v. Washington, 466 U.S. 668,
691–92, 104 S. Ct. 2052, 2066–67, 80 L. Ed. 2d 674
(1984).





            [2]  The majority also states that this case is
unique because the evidence conclusively establishes that appellant voluntarily
released the complainant in a safe place. 
The majority’s assessment is flawed. 
The record does not establish as a matter of law that appellant released
the complainant in a safe place.  See Nolan v. State, 102 S.W.3d 231, 238
(Tex. App.—Houston [14th
Dist.] 2003, pet. ref’d).  The complainant stated he was released in his
car, near a post office station on the campus of Prairie View A&M University.  The complainant also testified he was
released at approximately 11:00 p.m. during the
winter break, at a time when there was nobody on campus except for some members
of the school’s marching band.  The
record is silent concerning the following factors: (1) the proximity of
authorities or persons who could aid or assist, (2) the climactic conditions,
and (3) the character of the location or surrounding neighborhood.  See id.  The record does not show whether the
surrounding area was generally safe or crime-ridden.  While the record contains evidence that would
raise a fact issue on the safe-release defense, it does not prove safe release
as a matter of law.  See id. (holding appellant did not prove safe release as a matter
of law because the evidence did not address several critical factors regarding
this issue).  To the extent the majority
relies on Lavarry v. State as authority in support of its
conclusion that the record proves safe release as a matter of law, that case is
not on point because it held, under the former version of section 20.04 of the
Penal Code, the State did not prove beyond a reasonable doubt that appellant
released the victims in an unsafe place. 
See Lavarry
v. State, 936 S.W.2d 690, 695–97 (Tex. App.—Dallas 1996, pet. dism’d).  Under the
current statute, the accused has the burden of proof on this issue.  See Tex. Pen. Code § 20.04(d). 





            [3]  The majority correctly grants appellant’s
unopposed request that the trial court’s judgment be reformed to reflect that
appellant pleaded “not guilty” rather than “guilty.”