NO. 07-02-0404-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 29, 2003



______________________________




MARY ELIZABETH ALLEN WILSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13156-9808; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

Memorandum Opinion

 On August 21, 1998, upon her guilty plea and pursuant to a plea agreement,
appellant Mary Elizabeth Allen Wilson was convicted of the offense of driving while
intoxicated 3rd offense or more. In accordance with the plea bargain, her sentence was
assessed at five years confinement in the Institutional Division of the Department of
Criminal Justice and a fine of $1,000, probated under community supervision for a period
of five years. On October 3, 2002, after hearing, and upon appellant's plea of true to the
allegations contained in a second motion to revoke, appellant's probation was revoked and
her sentence assessed at five years confinement in the Institutional Division of the
Department of Criminal Justice and a $1,000 fine.

 Appellant's appointed appellate attorney has filed an Anders brief. See Anders v.
California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his brief, he
certifies that after careful examination of the record, he has concluded that appellant's
appeal is without merit. In that brief, he certifies that he has sent a copy of the brief to
appellant and has explained her right to file a pro se brief if she so desires. He has also
filed a motion to withdraw as appellate counsel and certifies that he has sent a copy of this
motion to appellant. The clerk of this court has also notified appellant of her right to file a
brief and that she had until June 27, 2003, within which to file such a brief. Appellant has
not exercised her right to file a pro se brief, nor has she requested any extension of time
within which to do so.

 In considering briefs and requests of this type, we must first satisfy ourselves that
the appellate attorney has provided the client with a diligent and thorough search of the
record for any arguable claim that might support his client's appeal. Then, after
determining those matters, we must consider counsel's brief and decide if he has correctly
concluded the appeal is frivolous. McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429,
108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); High v. State, 573 S.W.2d 807, 813 (Tex. Crim.
App. 1978).

 When we review an order revoking probation, the only question before us is whether
the trial court abused its discretion in doing so. Jackson v. State, 645 S.W.2d 303, 305
(Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a
preponderance of the evidence that the probationer violated a condition of the probation.
Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Although one sufficient
ground for revocation supports a revocation order, Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. 1979), a plea of true standing alone is sufficient to support the trial court's
revocation order. Moore v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

 At the hearing on the motion to revoke, appellant entered a plea of true to the
allegations in the motion to revoke. This in itself is sufficient to support the revocation
order. Appellant was also sworn and testified. We have carefully examined the record of
the revocation hearing. We can only conclude that appellate counsel is correct in his brief
and that the trial court did not abuse its discretion in revoking appellant's probation.

 Accordingly, the judgment of the trial court is affirmed and appellate counsel's
motion to withdraw is granted.

 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



t the assault occurred. Yet, while undergoing
examination on the witness stand in open court and before the jury, appellant readily
confessed to acts which constituted one way in which the State alleged he assaulted the
young boy. Appellant having openly confessed to committing the assault for all practical
purposes, we cannot see how "'but for his counsel's [supposed] unprofessional error[], the
result of the proceeding would have been different.'" Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002). Nor does appellant deign to explain otherwise.

 As to the allegation that counsel failed to proffer a valid reason for the line of
questioning he pursued, we note that the evidence he apparently sought to develop
consisted of hearsay uttered by the victim. This hearsay consisted of the young boy having
previously engaged in sexual activity with others in exchange for compensation. How
admission of this evidence would have benefitted appellant goes unexplained, save for the
statement that it would have provided the jurors with "a complete picture of what occurred." 
How it was relevant to any material fact in issue is equally unexplained, save for the mere
conclusion that the evidence "had a tendency to make the existence of facts consequential
to a determination of the action more probable than it would have been without the
evidence." Simply put, that the 12 year old boy may have previously engaged in sexual
activity for pay with others does not somehow give appellant (an adult male) license to do
it without risk of prosecution. At the very least, appellant has cited to no authority
illustrating otherwise. Thus, he again failed to establish, by a preponderance of the
evidence, both unprofessional conduct and harm. 

 As to the allegation that counsel was ineffective because he failed to object to the
testimony of Donna Lacy, we note that the record does not contain evidence illustrating
why counsel omitted to do so. Because his silence could have been part of a legitimate
trial tactic, the contention that counsel was less than reasonable or professional is not
firmly founded in the record. See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App.
1999) (holding that because the record failed to illustrate why counsel did not object to the
allegedly inadmissible testimony, appellant failed to rebut the presumption that counsel
was effective). We also note the absence of any allegation that the exclusion of this
witness's testimony would have probably resulted in a different outcome. Again, appellant
had the burden to illustrate that. Having failed in that regard, he did not carry his burden. (5) 

 As to the allegation that counsel was ineffective because he did not object to the
State's non-compliance with article 38.072 of the Texas Code of Criminal Procedure, we
note the absence of evidence explaining the motives, if any, for counsel's omission. Again,
he may well have had a legitimate trial strategy for doing so. Thus, we cannot say that the
allegation of unprofessionalism is firmly founded in the record. Thompson v. State, supra. 
Moreover, the evidence at issue was also admitted through the testimony of the
complaining witness, and appellant does not suggest that his attorney acted deficiently
when that occurred. Thus, we hesitate to find counsel's performance unreasonable for
omitting to object to evidence which was admitted elsewhere through means about which
appellant does not complain.

 As to the allegation that counsel was ineffective because the trial court said (during
voir dire) one may choose not to testify because he is guilty, appellant suggests that the
utterance was tantamount to a comment upon an accused's failure to testify. Yet, here,
appellant actually testified. Appellant having testified, the jury could hardly have been
swayed by the court's comment and inferred that he was guilty because he did not testify. 
Nor can one reasonably say, under those circumstances, that the utterance evinced an
improper comment upon his right to remain silent; he did not remain silent. Finally, when
viewed in its entire context, the utterance at issue was simply one of several examples
used by the trial court to dissuade the venire members from considering, in any way, an
accused's invocation of his right to remain silent. Given this context, defense counsel may
have had justifiable reason to remain silent when the utterance was made. In short,
appellant has again failed to rebut the presumption that his attorney was effective. 
Thompson v. State, supra.

Issue Three - Deprivation of Right to Due Process and of Confrontation


 In his third issue, appellant contends that he was denied due process and his right
to confrontation when the State attempted to admit hearsay without complying with the
outcry statute, i.e. Texas Code of Criminal Procedure art. 38.072, §2(b). We overrule the
issue.

 Appellant did not object to the evidence when it was offered or admitted. Thus, he
waived his complaint. Cates v. State, 72 S.W.3d 681, 699 (Tex. App.-Tyler 2001, pet.
ref'd.) (holding that the appellant waived his allegation regarding compliance with art.
38.072, §2(b) by failing to object). Indeed, the Court of Criminal Appeals implicitly found,
in Lankston v. State, 827 S.W.2d 907 (Tex. Crim. App. 1992) (regarding the failure to
comply with the hearing requirement expressed in art. 38.072, §2(b)), that a
contemporaneous objection was necessary to preserve the issue. Had a
contemporaneous objection been unnecessary, then the court would not have needed to
discuss, at length, whether the objection uttered was sufficient to preserve the issue for
review. Id. at 909-10. Because it went through the exercise, however, one can reasonably
deduce from the opinion that an objection was needed. 

 Issue Four - Definition of Reasonable Doubt


 In his fourth issue, appellant contends that the trial court erred by overruling
counsel's objection to the State's definition of reasonable doubt. We overrule the issue.

 The purported reference occurred during voir dire and consists of the following
exchange: 

 [Prosecutor]: All right. The Judge also mentioned to you that I have to prove these
things beyond a reasonable doubt. Unfortunately, you're not given a definition of
reasonable doubt. But I'll suggest to you it's basically your common sense, what
you believe - - 


 [Defense Counsel]: Your Honor, I'm going to object to the State defining reasonable
doubt.


 Court: Overruled. She gave her opinion. You'll be allowed to give your opinion, Mr.
Smith. Ultimately, it's left up to the individual. It's not proof beyond all doubt, but
it is proof beyond a reasonable doubt.


 [Prosecutor]: And I would suggest that you rely on your common sense to define for
yourself what beyond a reasonable doubt is. . . . 


As can be seen, the prosecutor did not purport to define reasonable doubt. She merely
suggested that the jurors use "common sense" in doing so themselves. Moreover,
appellant does not complain of the trial court's statement that reasonable doubt does not
require "proof beyond all doubt." Given these circumstances, the trial court's statement
that the comment was simply the prosecutor's opinion, the trial court's decision to grant
appellant opportunity to voice his own opinion, the failure of appellant to cite any authority
supporting the proposition that the jurors cannot use "common sense" when considering
the evidence, and our refusal to preclude the jurors from exercising "common sense," we
find no error.


Issue Five - Denial of Motion for New Trial


 In his final issue, appellant contends that the trial court erred by failing to grant him
a new trial. This is allegedly so because the trial court and the State misled the jury when
stating that it could find appellant guilty even if the individual jurors did not unanimously
agree as to how he committed the crime. We overrule the issue.

 The comments referred to occurred during voir dire. However, appellant did not
object to them when made. Instead, he waited until after trial was completed and judgment
was entered. At that time he moved for a new trial, contending, among other things, that
the "court . . . misdirected the jury as to the law." At what point in the proceeding the trial
court allegedly "misdirected the jury as to the law" went unmentioned. Furthermore, a
hearing was not held on the motion. Given the absence of a contemporaneous objection,
as contemplated by Texas Rule of Appellate Procedure 33.1(a), the complaint was waived. 
Penry v. State, 903 S.W.2d 715, 741 (Tex. Crim. App.) cert. denied 516 U.S. 977, 116
S.Ct. 480, 133 L.Ed.2d 408, (1995) (holding that the appellant's complaint about the
prosecution's statements during voir dire were waived because the appellant did not object
to them at the time). Furthermore, his attempt to cure the default via a motion for new trial
did not do so. Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (involving
the presentation of evidence at the punishment phase of the trial and holding that if
opportunity to object was afforded the appellant and he failed to do so, he cannot use a
later motion for new trial to preserve the error). This seems especially so when the
utterance contained in the motion was conclusory, non-specific, and sans any reference
to the prosecutor's statement. 

 Accordingly, we affirm the judgment of the trial court.

 

 Brian Quinn

 Justice


Do not publish.


 


 


 

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. The standard of review applicable to claims of ineffective assistance is reiterated in Bone v. State,
77 S.W.3d 828 (Tex. Crim. App. 2002). We refer the litigants to it for an explanation of same. Furthermore,
not only must the claim be firmly founded in the record, Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim.
App. 1999), Rios v. State, 990 S.W.2d 382, 385 (Tex. App.--Amarillo 1999, no pet.), but counsel also is
entitled to a presumption that his actions were both reasonable and professional until the appellant establishes
otherwise. Bone v. State, 77 S.W.3d at 833.
3. If occasional instances of confusion ipso facto establish incompetence, then God save us all.
4. With regard to the matter of the affirmative defense, we are at a loss to understand how the act of
the 12 year old complainant in placing his mouth on the appellant's penis constituted an affirmative defense
to the charge that appellant committed aggravated assault by placing his penis in the boy's mouth. That is
what appellant contends and that surely needed explanation and analysis.
5. Indeed, this omission is present with respect to most every allegation of defective conduct mentioned
by appellant. And, rather than address that element of Bone in relation to each purported instance of
unprofessionalism, appellant simply concludes that he suffered "extreme prejudice to [his] defense" when the
errors are viewed in their totality. Yet, merely alleging that one suffered "extreme prejudice" is not a substitute
for establishing, through argument, explanation, analysis, and authority that the result would probably have
been different but for counsel's actions. This seems especially appropo when appellant himself confessed,
in open court, to committing the crime for which he was convicted.