NO. 07-06-0082-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 13, 2008
_____

RACHEL A. GALLAWAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 6807; HONORABLE LEE WATERS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Rachel A. Gallaway appeals her conviction by jury of the third degree felony offense of injury to a child and her sentence that includes confinement for six years in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

Appellant was charged by indictment with intentionally and knowingly causing bodily injury to her son W.G., a child 14 years or younger, by striking the child with a paddle and/or leather strap.[1] Following her plea of not guilty, the matter proceeded to jury trial.

Background

The State's case on guilt-innocence at trial was presented through the testimony of W.G.'s school teacher, a school nurse, a Pampa police officer, a forensic interviewer, and the victim W.G. The State also introduced a wooden paddle, a leather strap and several photographs of W.G.

Testimony showed Child Protective Services was notified after W.G.'s teacher and the school nurse saw bruises on one of W.G.'s eyes and scratches on his face one day at school, and noted bruising on his buttocks another day. Police were notified. The Pampa police officer testified that he observed bruises and other injuries at several places on W.G. and that he took the photographs admitted into evidence.

W.G. was ten by the time of trial. He testified his teacher took him to the school nurse because the teacher "kept on seeing me grab my behind." He did so, he said, "[b]ecause my behind hurt." Asked why it hurt, W.G. responded, "Because my mom and Kelly[2] would spank me." He said they spanked him with a wooden paddle and one made

---

[1] *See* Tex. Penal Code Ann. § 22.04 (Vernon 2005). At the time of the incidents described at trial, W.G. was in the second grade.

[2] The record reflects that "Kelly" refers to Kelly Emory, a woman with whom appellant and W.G. were living at the time.

2

of leather, and identified the paddle and leather strap in evidence as "the things they whipped me with." W.G. indicated the spankings were disciplinary in nature.

The testimony of witnesses who had interviewed W.G. at the time of the incidents generally was consistent with his trial testimony. The school nurse testified W.G. told her the bruises on his buttocks resulted when he was hit "eighteen times" with "something from a saddle"[3] by appellant and "eighteen times" with the same instrument by Kelly.[4] The forensic interviewer testified W.G. told her the same thing.[5] Photographs clearly depict W.G.'s bruises. Appellant did not testify.

Analysis

*Jury Instruction*

Appellant presents three issues for our consideration. Via her first issue, she contends the trial court erred by failing to instruct the jury that a parent's use of force against a child younger than 18 years is justified "when and to the degree [the parent]

---

[3] Here, and at other places in the record, the leather strap was described as a cinch from a saddle.

[4] The witness related she asked W.G. how he knew he was hit eighteen times, and he responded, "Because Kelly told my mom eighteen times." W.G. testified to other punishments. He said he was punished by being required to take a bath in ice water, and on other occasions to sit without a chair with his back flat against a wall, with his legs bent at a ninety-degree angle and his arms out in front of him. Once, when he failed to maintain that position, his feet were kicked out from under him. W.G. sometimes attributed these actions to "they," whom he identified as appellant and Kelly.

[5] The testimony of the two witnesses varied slightly. The forensic interviewer testified that W.G. told her appellant and Kelly each gave him eighteen swats and a third person had given him swats as well.

reasonably believes the force is necessary to discipline the child or to safeguard or promote his welfare." Tex. Penal Code Ann. § 9.61 (Vernon 2003). Such justification provides a defense to prosecution. Tex. Penal Code Ann. § 9.02 (Vernon 2003).

Appellant acknowledges she neither requested such an instruction nor objected to its omission, but argues the failure of the trial court to include it in the charge denied her a fair trial, and thus caused her egregious harm under *Almanza v. State,* 686 S.W.2d 157, 172 (Tex.Crim.App. 1985) (op. on rehearing), requiring reversal. The State responds that disposition of the issue is governed instead by the holding of *Posey v. State,* 966 S.W.2d 57 (Tex.Crim.App. 1998). We agree with the State.

In *Posey*, the Court of Criminal Appeals held a trial court has no duty *sua sponte* to instruct a jury on unrequested defensive issues even if the issues are raised by the evidence.[6] *Posey,* 966 S.W.2d at 61-62. Accordingly, a trial court does not err by failing to instruct on a defensive issue in the absence of a timely request or objection bringing the need for the defensive instruction to the attention of the court. *Posey*, 966 S.W.2d at 62*; see Bennett v. State*, 235 S.W.3d 241, 243 (Tex.Crim.App. 2007); *Rios v. State*, 990 S.W.2d 382, 384 (Tex.App.–Amarillo 1999, no pet.) (both applying *Posey*). Because no charge error is shown in the absence of the request or objection, no need arises for an *Almanza* analysis of the harm to the defendant. *Posey*, 968 S.W.2d at 63-64. *See also Sullivan v. State,* No. 04-07-00214-CR, 2008 WL 506230 (Tex.App.–San Antonio Feb. 27, 2008, no pet. h.) (applying *Posey* analysis to defense of justification by defense of

_____

[6] The State also contends the issue of appellant's reasonable belief was not raised by the evidence. We do not address that contention.

4

property); *Abrams v. State,* No. 14-00-01295-CR, 2002 WL 58822 (Tex.App.–Houston [14th Dist.] January 17, 2002, pet. ref'd) (applying *Posey* analysis to defenses of justifiable use of deadly force in self-defense and in defense of property). We overrule appellant's first issue.

*Ineffective Assistance of Counsel*

By appellant's second issue, she contends her trial counsel's failure to request an instruction based on Penal Code § 9.61, or object to its omission from the charge, constituted ineffective assistance of counsel, requiring reversal of her conviction. The State asserts that the totality of the record reveals appellant received effective assistance of counsel, and that in any event, appellant has not met her burden to overcome the presumption her appointed counsel provided her effective assistance. We again agree with the State.

We review ineffective assistance of counsel claims under the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). Under the first part of the *Strickland* test, an appellant must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. *See also Young v. State,* 991 S.W.2d 835, 837 (Tex.Crim.App. 1999) (addressing claim counsel was ineffective for failing to request jury instruction on justification defense). The first part presumes "that counsel is better positioned than the appellate court to judge

5

the pragmatism of the particular case, and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Id.* (citations omitted).

Under the second part of the *Strickland* test, the appellant must show that the deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In other words, the appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Reviewing a claim of ineffective assistance of counsel, a court must examine the totality of the circumstances to judge both the competency of counsel and the assistance actually rendered. *Ex parte Felton,* 815 S.W.2d 733, 735 (Tex.Crim.App. 1991). Allegations of ineffective assistance will be sustained only if firmly founded in the record. *Valdes-Fuerte v. State,* 892 S.W.2d 103, 110 (Tex.App.–San Antonio 1994, no pet.). The burden of proving ineffective assistance of counsel falls on appellant and it must be proved by a preponderance of the evidence. *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App. 1985).

In our application of the *Strickland* test, we are cautioned not to try to second-guess trial counsel's tactical decisions that do not fall below the threshold of the objective standard of reasonableness. *Young,* 991 S.W.2d at 837-38. The Court of Criminal Appeals has noted this is particularly true when the decision in question relates to the presentation of a defense. *Id.* Specifically, the court has noted a competent defense attorney might

6

recognize that a particular defense might be available to a particular offense, but might decide it would be inappropriate to propound the defense in a given case. *Young,* 991 S.W.2d at 837 (*citing Vasquez v. State,* 830 S.W.2d 948, 951, n.3 (Tex.Crim.App. 1992)). As the Supreme Court noted in *Strickland*, "[t]here are countless ways to provide effective assistance in any given case." *Strickland,* 466 U.S. 689.

While failure to object to the trial court's jury charge is a default that can amount to ineffective assistance of counsel, situations may arise in which competent counsel may recognize the availability of a particular defense but for strategic reasons determine it is best not to request the instruction. *Posey,* 966 S.W.2d at 63; *Rios,* 990 S.W.3d at 385. Appellate courts will not speculate as to reasons trial counsel utilize a particular course of action while representing defendants in trial; instead, a contention that a course of action or decision made by counsel at trial constitutes ineffective assistance of counsel must be substantiated by proof in the record. *Id.*

Here, the record is silent as to the reason counsel chose not to object to the jury instructions or request an instruction with regard to the justification pursuant to Penal Code § 9.61. The State suggests that, under the circumstances presented here, the assertion of such a justification would have cost appellant her credibility with the jury. The State notes appellant had made the decision to allow the jury to determine punishment in the event of a guilty verdict. In any event, we find the decision to forego request for an instruction under § 9.61 in this case does not fall below the threshold of the objective standard of reasonableness. We will not speculate on trial counsel's strategy, mental

7

processes, or reasons for not requesting the instruction. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994); *Rios,* 990 S.W.2d at 386.

To demonstrate her counsel's purported ineffectiveness, appellant relies only on his failure to request the defensive instruction. She does not argue that any other act or omission of counsel constituted an error meeting the first prong of the *Strickland* test. Disagreeing that the record shows counsel's performance was deficient, we overrule appellant's second issue.

*Sufficiency of Evidence to Support Conviction*

By her third issue, appellant asserts that the evidence is legally and factually insufficient to establish that she caused the injuries to W.G. In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether a rational fact finder could have found each element of the offense beyond a reasonable doubt. *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001) (*citing Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). If, based on all the evidence, a reasonably minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95 (*citing Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993)).

8

In performing a factual sufficiency review, we view all the evidence in a neutral light, giving deference to the fact finder's determinations if supported by the record and may not order a new trial simply because we may disagree with the verdict. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id.*

As noted, by indictment, the State charged appellant with "intentionally or knowingly caus[ing] bodily injury to [W.G.], a child 14 years of age or younger, by striking the said [W.G.] with a paddle and/or leather strap." The elements of this offense are codified in Penal Code § 22.04, which provides in part that "a person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, recklessly by omission, causes to a child . . . bodily injury." Tex. Penal Code Ann. § 22.04 (Vernon 2005). The jury was instructed, in accordance with statute, that "bodily injury" means "physical pain, illness, or any impairment of physical condition." *See* Tex. Penal Code Ann. § 1.07(8) (Vernon 2003 & Supp. 2007) (so defining the term).

Appellant acknowledges she hit W.G. She focuses her sufficiency challenges on the evidence demonstrating that she caused the bruises on W.G. to which witnesses testified. The State was not required, however, to show that appellant's actions caused bruises on

her son, but only that, with the required mental state,[7] she caused him bodily injury. W.G.'s testimony that, as a result of the discipline administered at home by his mother and Kelly, his "behind" hurt to the degree he was "grabbing" it at school alone suffices to permit a rational jury to conclude appellant's actions caused him physical pain. Viewed in the proper light, the evidence is legally sufficient. *Swearingen,* 101 S.W.3d at 95.

Appellant's argument the evidence is insufficient because testimony showed that she was not the only person who spanked W.G. is similarly flawed. She relies on his statements to the school nurse and the forensic interviewer, in which he said appellant swatted him eighteen times and Kelly did the same,[8] causing the bruises on his buttocks. Appellant argues the jury could not infer from such testimony that appellant's eighteen swats caused the bruises. Again, the State did not undertake to prove appellant caused bruises on W.G., just that her actions caused him bodily injury.[9]

Viewing the testimony in a neutral light, we find the evidence of that fact is neither so weak that the jury's verdict seems clearly wrong and manifestly unjust, nor against the

---

[7] Appellant does not challenge the sufficiency of the evidence that her actions were accompanied by one of the required culpable mental states.

[8] As noted, the forensic interviewer also testified that W.G. implicated a third person as well.

[9] Neither appellant nor the State couches the factual sufficiency argument in terms of the requirements of Penal Code § 6.04, concerning causation. Tex. Penal Code Ann. § 6.04 (Vernon 2003). Analysis of the evidence of causation of the bodily injury to W.G. under that statutory provision would not lead to a different outcome. *See Robbins v. State*, 717 S.W.2d 348, 351 (Tex.Crim.App. 1986) (applying § 6.04).

great weight and preponderance of the evidence. *Marshall*, 210 S.W.3d at 625.[10]

Accordingly, it is factually sufficient. We thus overrule appellant's third issue and affirm the

trial court's judgment.

James T. Campbell
Justice

Do not publish.

---

[10] In its response to appellant's argument that the evidence Kelly and perhaps another person disciplined W.G. renders the evidence of her guilt factually insufficient, the State cites *Goodman v. State,* 66 S.W.3d 283 (Tex.Crim.App. 2001), in which the Court of Criminal Appeals reviewed a court of appeals' factual sufficiency analysis in an injury to a child case. Reversing the lower court, the court stated, "All of the five reasons the court of appeals lists appear to be simply an alternate theory of causation or explanation of the injuries. But it is a jury, not a reviewing court, that accepts or rejects reasonably equal competing theories of causation." *Id*. at 287. We find the court's analysis in *Goodman* instructive in this case. Here also, appellant's contention presents something of an alternate theory of causation of the bodily injury to W.G.