NO. 07-08-0517-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 30, 2009

_____

TYRONE COLEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF HALE COUNTY;

NO. 2008C-743; HONORABLE DWAIN DODSON, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Tyrone Coleman, was convicted by a jury of assault, a Class A misdemeanor. Punishment was assessed by the trial court at one year confinement in the county jail and a $4000 fine. In presenting this appeal, counsel

has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[2]  By letter, this Court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response. Neither did the State favor us with a brief.

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.  *In re Schulman*, at 408 n.22 & at 411 n.35.

Counsel does, however, present five arguable issues, to-wit: (1) the trial court erred in overruling Appellant's motion for instructed verdict, (2) and (3) whether the evidence is legally and factually sufficient to support Appellant's conviction, (4) the trial court erred in failing to conduct a punishment hearing prior to announcing its decision, and (5) Appellant was denied his right to effective assistance of trial counsel. However, counsel concludes that under the controlling authorities, the arguments are without merit and the trial court's judgment should be affirmed.

## Arguable Issues 1, 2, and 3

Appellant was charged by information of misdemeanor assault. Tex. Penal Code Ann. § 22.01(a)(1) (Vernon Supp. 2008). The State was required to prove that Appellant intentionally, knowingly, or recklessly caused bodily injury to the victim, Tony Waters. A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. Tex. Penal Code Ann. § 6.03(c).

Appellant and the victim gave conflicting versions of the events leading to the victim's injury. However, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). The jury chose to believe the victim's version and disbelieve that Appellant was defending himself. We agree with counsel that the evidence is sufficient to support Appellant's conviction.

3

**Arguable Issue 4**

Article 37.07, section 3 of the Texas Code of Criminal Procedure requires a separate hearing on punishment in which the State or the defendant may offer evidence. Tex. Code Crim. Proc. Ann. art. 37.07, § 3 (Vernon Supp. 2008). After the verdict was returned, the trial court announced that the punishment phase would begin the following morning at 9:00 a.m. Defense counsel asked to approach the bench and a brief discussion was had off the record. The court then announced:

> [w]e had a little discussion, and the defendant has changed his mind and is allowing me to do the punishment phase, so you won't have to come back in the morning.

Thereafter, sentence was pronounced in open court. No objections were made. Although the trial court afforded Appellant the opportunity to have a separate punishment hearing, after the bench discussion, no evidence was presented before the trial court pronounced sentence. Error, if any, in the trial court's failure to conduct a punishment hearing and hear evidence is waived without an objection. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex.Crim.App. 1999). We agree with counsel's analysis of this issue.

**Arguable Issue 5**

Appellant filed a *pro se* Motion for New Trial raising, among other claims, numerous allegations of ineffective assistance of counsel. A hearing was held on Appellant's motion. Appellant was the only witness in support of his claims of ineffective assistance of counsel.

4

His complaints require us to speculate on defense counsel's trial strategy, which we may not do. *Rios v. State*, 990 S.W.2d 382, 386 (Tex.App.–Amarillo 1999, no pet.). Reviewing trial counsel's performance under both prongs of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),[3] we conclude that neither the trial on the merits nor the hearing on Appellant's motion for new trial demonstrate that counsel was ineffective.

We too have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

## Conclusion

Counsel's motion to withdraw is granted. Additionally, we note the judgment incorrectly reflects that section 12.44(b) of the Texas Penal Code was applied, which authorizes the State to prosecute a state jail felony as a Class A misdemeanor. Because the information reflects that Appellant was charged with, and tried for, a Class A

---

[3]First, counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and second, there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

misdemeanor, we delete that portion of the judgment reflecting "sec 12.44(b) PC" and as reformed, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.