NO. 07-08-0517-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 30, 2009

______________________________


TYRONE COLEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE COUNTY COURT OF HALE COUNTY;

NO. 2008C-743; HONORABLE DWAIN DODSON, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Following a plea of not guilty, Appellant, Tyrone Coleman, was convicted by a jury
of assault, a Class A misdemeanor. Punishment was assessed by the trial court at one
year confinement in the county jail and a $4000 fine. In presenting this appeal, counsel
has filed an Anders


 brief in support of a motion to withdraw. We grant counsel’s motion
and affirm.
          In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities,
the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 
Counsel has demonstrated that he has complied with the requirements of Anders and In
re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying him of his right
to file a pro se response if he desired to do so, and (3) informing him of his right to file a
pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 408.


 By letter, this
Court granted Appellant thirty days in which to exercise his right to file a response to
counsel’s brief, should he be so inclined. Id. at 409 n.23. Appellant did not file a response.
Neither did the State favor us with a brief.
 
          Counsel does, however, present five arguable issues, to-wit: (1) the trial court erred
in overruling Appellant’s motion for instructed verdict, (2) and (3) whether the evidence is
legally and factually sufficient to support Appellant’s conviction, (4) the trial court erred in
failing to conduct a punishment hearing prior to announcing its decision, and (5) Appellant
was denied his right to effective assistance of trial counsel. However, counsel concludes
that under the controlling authorities, the arguments are without merit and the trial court’s
judgment should be affirmed. 
          Arguable Issues 1, 2, and 3
          Appellant was charged by information of misdemeanor assault. Tex. Penal Code
Ann. § 22.01(a)(1) (Vernon Supp. 2008). The State was required to prove that Appellant
intentionally, knowingly, or recklessly caused bodily injury to the victim, Tony Waters. A
person acts recklessly when he is aware of but consciously disregards a substantial and
unjustifiable risk that the circumstances exist or the result will occur. Tex. Penal Code Ann.
§ 6.03(c). 
          Appellant and the victim gave conflicting versions of the events leading to the
victim’s injury. However, reconciliation of conflicts in the evidence is within the exclusive
province of the jury. Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). The
jury chose to believe the victim’s version and disbelieve that Appellant was defending
himself. We agree with counsel that the evidence is sufficient to support Appellant’s
conviction.
Arguable Issue 4
          Article 37.07, section 3 of the Texas Code of Criminal Procedure requires a
separate hearing on punishment in which the State or the defendant may offer evidence. 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3 (Vernon Supp. 2008). After the verdict was
returned, the trial court announced that the punishment phase would begin the following
morning at 9:00 a.m. Defense counsel asked to approach the bench and a brief 
discussion was had off the record. The court then announced: 
[w]e had a little discussion, and the defendant has changed his mind and is
allowing me to do the punishment phase, so you won’t have to come back
in the morning.
 
Thereafter, sentence was pronounced in open court. No objections were made. Although
the trial court afforded Appellant the opportunity to have a separate punishment hearing,
after the bench discussion, no evidence was presented before the trial court pronounced
sentence. Error, if any, in the trial court’s failure to conduct a punishment hearing and hear
evidence is waived without an objection. See Hardeman v. State, 1 S.W.3d 689, 690
(Tex.Crim.App. 1999). We agree with counsel’s analysis of this issue.
Arguable Issue 5
          Appellant filed a pro se Motion for New Trial raising, among other claims, numerous
allegations of ineffective assistance of counsel. A hearing was held on Appellant’s motion. 
Appellant was the only witness in support of his claims of ineffective assistance of counsel. 
His complaints require us to speculate on defense counsel’s trial strategy, which we may
not do. Rios v. State, 990 S.W.2d 382, 386 (Tex.App.–Amarillo 1999, no pet.). Reviewing
trial counsel’s performance under both prongs of Strickland v. Washington, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),


 we conclude that neither the trial on the merits nor
the hearing on Appellant’s motion for new trial demonstrate that counsel was ineffective. 
           We too have independently examined the entire record to determine whether there
are any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409;
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such
issues. See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the
record and counsel’s brief, we agree with counsel that there are no plausible grounds for
appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).
Conclusion
          Counsel’s motion to withdraw is granted. Additionally, we note the judgment
incorrectly reflects that section 12.44(b) of the Texas Penal Code was applied, which
authorizes the State to prosecute a state jail felony as a Class A misdemeanor. Because
the information reflects that Appellant was charged with, and tried for, a Class A
misdemeanor, we delete that portion of the judgment reflecting “sec 12.44(b) PC” and as
reformed, the trial court’s judgment is affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.